*Fledingern*
*cart*
*-JmT 11/7/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 07-95-SLR |
| | ) |
| ERIC ROSS TYRE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Eric Ross Tyre, by and through the defendant's attorney, Thomas A. Dreyer, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant shall enter a guilty plea to Count 1 of the Indictment, charging Receipt of Child Pornography, a violation of Title 18, United States Code, Section 2252A(a)(2) and (b)(1), which carries a maximum penalty of not less than 5 years imprisonment and not more than 20 years imprisonment, a $250,000.00 fine, a life term of supervised release, or any or all of the above, and a special assessment of $100. At sentencing the United States will move to dismiss the remaining count of the Indictment.

2.    The defendant acknowledges that the elements of the offense are as follows:

    a.    Acting knowingly

    b.    the defendant received or attempted to receive child pornography, defined as a visual depiction of a minor engaged in an actual or simulated sex act and/or the lascivious exhibition of the genitals or pubic area,

      c.    which child pornography had moved in interstate and/or foreign commerce by computer.

The defendant admits that on or about June 10, 2006, with an Internet connected computer, he attempted to receive an image of child pornography during an online chat.

    3.    The defendant agrees to pay the special assessment on the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

    4.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

    5.    The defendant agrees to forfeit to the United States his interest in all computer hardware, software, and storage media taken from the defendant's home by DSP officers on or about March 5, 2007.

    6.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the

2

sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7.   It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

Thomas A. Dreyer, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney
BY:

Edmond Falgowski
Assistant United States Attorney

Eric Ross Tyre
Defendant

Dated: **｜( - 7 - O 7**

AND NOW this ____7th____ day of ___November___, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

HONORABLE SUE L. ROBINSON
United States District Court

3